1 | TRACY L. WILKISON
Acting United States Attorney
2 | SCOTT M. GARRINGER
Assistant United States Attorney
3 | Chief, Criminal Division
VARUN BEHL (Cal. Bar No. 295509)
4 | Assistant United States Attorney
General Crimes Section
5 |     1200 United States Courthouse
      312 North Spring Street
6 |     Los Angeles, California 90012
      Telephone: (213) 894-0687
7 |     Facsimile: (213) 894-0141
      E-mail:   varun.behl@usdoj.gov
8 |
Attorneys for Plaintiff
9 | UNITED STATES OF AMERICA

10 |            UNITED STATES DISTRICT COURT

11 |         FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 | UNITED STATES OF AMERICA,              No. CR 2:20-00596-FMO-2

13 |            Plaintiff,                  PLEA AGREEMENT FOR DEFENDANT
                                           ADAM MICHAEL ANDERSON
14 |            v.

15 | ADAM MICHAEL ANDERSON,

16 |            Defendant.

17 |

18 |      1.   This constitutes the plea agreement between ADAM MICHAEL

19 | ANDERSON ("defendant") and the United States Attorney's Office for

20 | the Central District of California (the "USAO") in the above-

21 | captioned case.  This agreement is limited to the USAO and cannot

22 | bind any other federal, state, local, or foreign prosecuting,

23 | enforcement, administrative, or regulatory authorities.

24 |                    DEFENDANT'S OBLIGATIONS

25 |      2.   Defendant agrees to:

26 |      a.   At the earliest opportunity requested by the USAO and

27 | provided by the Court, appear and plead guilty to count one of the

28 | indictment in United States v. Adam Michael Anderson, CR No. 20-

7/18/21

1 │ 00596-FMO-2, which charges defendant with conspiracy to commit bank

2 │ fraud, in violation of 18 U.S.C. § 1349.

3 │        b.    Not contest facts agreed to in this agreement.

4 │        c.    Abide by all agreements regarding sentencing contained

5 │ in this agreement.

6 │        d.    Appear for all court appearances, surrender as ordered

7 │ for service of sentence, obey all conditions of any bond, and obey

8 │ any other ongoing court order in this matter.

9 │        e.    Not commit any crime; however, offenses that would be

10 │ excluded for sentencing purposes under United States Sentencing

11 │ Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

12 │ within the scope of this agreement.

13 │        f.    Be truthful at all times with the United States

14 │ Probation and Pretrial Services Office and the Court.

15 │        g.    Pay the applicable special assessment at or before the

16 │ time of sentencing unless defendant has demonstrated a lack of

17 │ ability to pay such assessments.

18 │        h.    At or before the time of sentencing, satisfy any and

19 │ all restitution/fine obligations based on ability to pay by

20 │ delivering a certified check or money order to the Fiscal Clerk of

21 │ the Court in the amount of $4,237.74, to be held until the date of

22 │ sentencing and, thereafter, applied to satisfy defendant's

23 │ restitution/fine balance.  Payments may be made to the Clerk, United

24 │ States District Court, Fiscal Department, 255 East Temple Street,

25 │ 11th Floor, Los Angeles, California 90012.

26 │        i.    Ability to pay shall be assessed based on the

27 │ Financial Disclosure Statement, referenced below, and all other

28 │ relevant information relating to ability to pay.

1          j.    Defendant agrees that any and all restitution/fine
2  obligations ordered by the Court will be due in full and immediately.
3  The government is not precluded from pursuing, in excess of any
4  payment schedule set by the Court, any and all available remedies by
5  which to satisfy defendant's payment of the full financial
6  obligation, including referral to the Treasury Offset Program.

7          k.    Complete the Financial Disclosure Statement on a form
8  provided by the USAO and, within 30 days of defendant's entry of a
9  guilty plea, deliver the signed and dated statement, along with all
10 of the documents requested therein, to the USAO by either email at
11 usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial
12 Litigation Section at 300 N. Los Angeles St., Suite 7516, Los
13 Angeles, CA 90012.

14         l.    Authorize the USAO to obtain a credit report upon
15 returning a signed copy of this plea agreement.

16         m.    Consent to the USAO inspecting and copying all of
17 defendant's financial documents and financial information held by the
18 United States Probation and Pretrial Services Office.

19                        THE USAO'S OBLIGATIONS
20    3.   The USAO agrees to:
21         a.    Not contest facts agreed to in this agreement.
22         b.    Abide by all agreements regarding sentencing contained
23 in this agreement.
24         c.    At the time of sentencing, provided that defendant
25 demonstrates an acceptance of responsibility for the offense up to
26 and including the time of sentencing, recommend a two-level reduction
27 in the applicable Sentencing Guidelines offense level, pursuant to
28 U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

1 additional one-level reduction if available under that section.

2        d.   Recommend that defendant be sentenced to a term of

3 imprisonment no higher than the low end of the applicable Sentencing

4 Guidelines range, provided that the offense level used by the Court

5 to determine that range is 11 or higher and provided that the Court

6 does not depart downward in offense level or criminal history

7 category. For purposes of this agreement, the low end of the

8 Sentencing Guidelines range is that defined by the Sentencing Table

9 in U.S.S.G. Chapter 5, Part A.

10 NATURE OF THE OFFENSE

11     4. Defendant understands that for defendant to be guilty of

12 the crime charged in count one, that is, conspiracy to commit bank

13 fraud, in violation of Title 18, United States Code, Section 1349,

14 the following must be true: (1) beginning as early as in or about

15 December 2017, and continuing to in or about January 2018, there was

16 an agreement between two or more persons to commit bank fraud, in

17 violation of 18 U.S.C. § 1344(2); and (2) the defendant became a

18 member of the conspiracy knowing of at least one of its objects and

19 intending to help accomplish it.

20     The conspiracy to which defendant has agreed to plead guilty

21 involves an agreement to commit the substantive offense of bank fraud

22 (Title 18, United States Code, Section 1344(2)). The elements of

23 bank fraud are as follows: (1) defendant knowingly carried out a

24 scheme or plan to obtain money or property from a financial

25 institution by making false statements or promises; (2) defendant

26 knew that the statements or promises were false; (3) the statements

27 or promises were material, that is, they had a natural tendency to

28 influence, or were capable of influencing, a financial institution to

4

part with money or property; (4) defendant acted with intent to defraud; and (5) the financial institution was federally insured.

### PENALTIES AND RESTITUTION

5.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1349, is: 30 years' imprisonment; a 5-year period of supervised release; a fine of $1 million or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.   Defendant understands that defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: any relevant conduct, as defined in U.S.S.G.

§ 1B1.3, in connection with the offense to which defendant is
pleading guilty.  The parties currently believe that the applicable
amount of restitution is approximately $4,237.74, but recognize and
agree that this amount could change based on facts that come to the
attention of the parties prior to sentencing.

     8.   Defendant understands that, by pleading guilty, defendant
may be giving up valuable government benefits and valuable civic
rights, such as the right to vote, the right to possess a firearm,
the right to hold office, and the right to serve on a jury. Defendant
understands that he is pleading guilty to a felony and that it is a
federal crime for a convicted felon to possess a firearm or
ammunition.  Defendant understands that the conviction in this case
may also subject defendant to various other collateral consequences,
including but not limited to revocation of probation, parole, or
supervised release in another case and suspension or revocation of a
professional license.  Defendant understands that unanticipated
collateral consequences will not serve as grounds to withdraw
defendant's guilty plea.

     9.   Defendant and his counsel have discussed the fact that, and
defendant understands that, if defendant is not a United States
citizen, the conviction in this case makes it practically inevitable
and a virtual certainty that defendant will be removed or deported
from the United States.  Defendant may also be denied United States
citizenship and admission to the United States in the future.
Defendant understands that while there may be arguments that
defendant can raise in immigration proceedings to avoid or delay
removal, removal is presumptively mandatory and a virtual certainty
in this case.  Defendant further understands that removal and

1   immigration consequences are the subject of a separate proceeding and
2   that no one, including his attorney or the Court, can predict to an
3   absolute certainty the effect of his conviction on his immigration
4   status.  Defendant nevertheless affirms that he wants to plead guilty
5   regardless of any immigration consequences that his plea may entail,
6   even if the consequence is automatic removal from the United States.
7                             FACTUAL BASIS
8       10.  Defendant admits that defendant is, in fact, guilty of the
9   offense to which defendant is agreeing to plead guilty.  Defendant
10  and the USAO agree to the statement of facts provided below and agree
11  that this statement of facts is sufficient to support a plea of
12  guilty to the charge described in this agreement and to establish the
13  Sentencing Guidelines factors set forth in paragraph 12 below but is
14  not meant to be a complete recitation of all facts relevant to the
15  underlying criminal conduct or all facts known to either party that
16  relate to that conduct.
17      Beginning in or around December 2017, and continuing until at
18  least January 2018, in Los Angeles and Ventura Counties, within the
19  Central District of California, defendant agreed with his co-
20  defendant Michael Patrick Wolf ("Wolf") to commit bank fraud.
21  Defendant became a member of the conspiracy knowing of its object and
22  intending to help accomplish it.  Specifically, defendant and co-
23  defendant Wolf agreed to knowingly and with the intent to defraud
24  execute a scheme to obtain money, funds, credits, assets, or other
25  property owned by, and under the control of federally insured
26  financial institutions, including Chase Bank USA, N.A. ("Chase") and
27  Citibank, N.A. ("Citibank").
28      The object of the conspiracy was carried out as follows:

1 defendant and co-defendant Wolf knowingly possessed stolen and

2 unauthorized credit cards, debit cards, and account numbers and used

3 these stolen cards and account numbers to pay for goods at retail

4 stores and other locations.  Defendant and co-defendant Wolf knew the

5 credit cards, debit cards, and account numbers were stolen and

6 unauthorized and acted with the intent to defraud Chase, Citibank,

7 victims J.C. and R.R., and other victims.  In doing so, defendant and

8 co-defendant Wolf made materially false representations to Chase and

9 Citibank that victims J.C. and R.R. had issued or otherwise

10 authorized use of the stolen cards and account numbers when, in fact,

11 defendant knew that victims J.C. and R.R. had not done so.

12      Specifically, on December 9, 2017, co-defendant Wolf used victim

13 J.C.'s stolen and unauthorized Chase credit card number to purchase

14 approximately $75.50 in goods from a FedEx store in Woodland Hills,

15 California.

16      On December 9, 2017, defendant used victim R.R.'s stolen and

17 unauthorized Citibank account number to purchase approximately

18 $432.50 in goods from Kohl's.  This order was placed online in

19 defendant's name.  Defendant went to a Kohl's store in Northridge,

20 California to pick up this order.

21      On December 10, 2017, defendant and co-defendant Wolf used

22 victim R.R.'s stolen and unauthorized Citibank account number and

23 victim M.H. Chase's account to place five online orders and to

24 purchase approximately $2,340.24 in goods from Kohl's.  Defendant and

25 co-defendant Wolf went to a Kohl's department store in Moorpark,

26 California, to pick up these orders. A Kohl's loss prevention

27 officer contacted Ventura County Sheriff's Office about defendant and

28 co-defendant Wolf's orders.  Upon arriving at the Kohl's, deputies

located defendant in a silver Subaru parked in the Kohl's parking lot along with his other co-defendant, Laura Lyons, while co-defendant Wolf was inside the Kohl's.  Officers detained all three individuals and conducted searches of their persons and the Subaru.  Officers located several items purchased from multiple Kohl's locations, receipts of multiple Kohl's purchases, and several stolen credit and debit cards, including a Mastercard credit card belonging to victim R.B. with co-defendant Wolf's name, a Visa debit card belonging to victim T.B., American Express and Mastercard credit cards belonging to victim J.W., and a Mastercard credit card belonging to and in the name of victim M.W.

On January 11, 2018, officers executed search warrants for two residences located next to each other: a house where co-defendant Lyons resided and defendant was a frequent visitor, and a guest house where defendant, co-defendant Wolf, and another individual resided. In these searches, officers found, among other items, approximately 289 unauthorized access devices (as defined in Title 18, United States Code, Sections 1029(e)(1) and (3)), including 16 credit and debit cards, 103 gift or prepaid cards, 132 account numbers, 3 social security cards, 4 checks, and 1 money order.

On February 21, 2018, defendant opened an account with Turo, a car rental marketplace.  Without their knowledge or permission, defendant used victim K.F.'s name and driver license number and victim W.O.'s credit card number to reserve a rental car.  Defendant used this rental car from February 21, 2018, to March 5, 2018. Defendant incurred at least $1,389.50 in charges and fees in connection with this rental.

In all, defendant and co-defendant Wolf's scheme impacted at

least 10 victims and resulted in an actual loss of at least
approximately $4,237.74 and an intended loss of at least $15,000, all
of which was reasonably foreseeable to defendant.

### SENTENCING FACTORS

11.  Defendant understands that in determining defendant's
sentence the Court is required to calculate the applicable Sentencing
Guidelines range and to consider that range, possible departures
under the Sentencing Guidelines, and the other sentencing factors set
forth in 18 U.S.C. § 3553(a).  Defendant understands that the
Sentencing Guidelines are advisory only, that defendant cannot have
any expectation of receiving a sentence within the calculated
Sentencing Guidelines range, and that after considering the
Sentencing Guidelines and the other § 3553(a) factors, the Court will
be free to exercise its discretion to impose any sentence it finds
appropriate up to the maximum set by statute for the crime of
conviction.

12.  Defendant and the USAO agree to the following applicable
Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. §§ 2B1.1(a)(1), 2X1.1 |
| Specific Offense Characteristics: | | |
| More than at least $15,000 in losses | At least +4 | U.S.S.G. § 2B1.1(b)(1) |
| Ten or more victims | +2 | U.S.S.G. § 2B1.1(b)(2)(A) |

The government reserves the right to argue that the intended loss
amount in this case was more than $150,000, specifically, at least
$159,278.86, warranting the application of 10 levels under U.S.S.G.
§ 2B1.1(b)(1), and defendant reserves the right to object to the

application of anything more than a 4-level enhancement for loss amount under U.S.S.G. § 2B1.1(b)(1).  Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

13.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.  The right to persist in a plea of not guilty.

b.  The right to a speedy and public trial by jury.

c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

11

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

16.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

17.    Defendant agrees that, provided the Court imposes a total term of imprisonment within or below the range corresponding to an offense level of 16 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment

imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $4,237.74; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

19.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of within or above the range corresponding to an offense level of 16 and the criminal history category calculated by the Court, the USAO gives up its right

to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $4,237.74.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

20. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

21. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

22. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be

14

1  relieved of all its obligations under this agreement.

2      COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

3                      OFFICE NOT PARTIES

4      23.  Defendant understands that the Court and the United States

5  Probation and Pretrial Services Office are not parties to this

6  agreement and need not accept any of the USAO's sentencing

7  recommendations or the parties' agreements to facts or sentencing

8  factors.

9      24.  Defendant understands that both defendant and the USAO are

10  free to: (a) supplement the facts by supplying relevant information

11  to the United States Probation and Pretrial Services Office and the

12  Court, (b) correct any and all factual misstatements relating to the

13  Court's Sentencing Guidelines calculations and determination of

14  sentence, and (c) argue on appeal and collateral review that the

15  Court's Sentencing Guidelines calculations and the sentence it

16  chooses to impose are not error, although each party agrees to

17  maintain its view that the calculations in paragraph 12 are

18  consistent with the facts of this case.  While this paragraph permits

19  both the USAO and defendant to submit full and complete factual

20  information to the United States Probation and Pretrial Services

21  Office and the Court, even if that factual information may be viewed

22  as inconsistent with the facts agreed to in this agreement, this

23  paragraph does not affect defendant's and the USAO's obligations not

24  to contest the facts agreed to in this agreement.

25      25.  Defendant understands that even if the Court ignores any

26  sentencing recommendation, finds facts or reaches conclusions

27  different from those agreed to, and/or imposes any sentence up to the

28  maximum established by statute, defendant cannot, for that reason,

15

withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

### NO ADDITIONAL AGREEMENTS

26.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

1    PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2         27.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    TRACY L. WILKISON
     Acting United States Attorney

9

10   _____        7-27-2021
                                        _____
11   VARUN BEHL                         Date
     Assistant United States Attorney

12   _____        7-27-2021
                                        _____
13   ADAM MICHAEL ANDERSON              Date
     Defendant

14   _____        7-27-21
                                        _____
15   JEFFERY RUBENSTEIN                 Date
     Attorney for Defendant
16   ADAM MICHAEL ANDERSON

17

18

19

20

21

22

23

24

25

26

27

28

                            17

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          _7-27-2021_____

ADAM MICHAEL ANDERSON                      Date
Defendant

1                  CERTIFICATION OF DEFENDANT'S ATTORNEY

2       I am ADAM MICHAEL ANDERSON's attorney.  I have carefully and

3  thoroughly discussed every part of this agreement with my client.

4  Further, I have fully advised my client of his rights, of possible

5  pretrial motions that might be filed, of possible defenses that might

6  be asserted either prior to or at trial, of the sentencing factors

7  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8  provisions, and of the consequences of entering into this agreement.

9  To my knowledge: no promises, inducements, or representations of any

10  kind have been made to my client other than those contained in this

11  agreement; no one has threatened or forced my client in any way to

12  enter into this agreement; my client's decision to enter into this

13  agreement is an informed and voluntary one; and the factual basis set

14  forth in this agreement is sufficient to support my client's entry of

15  a guilty plea pursuant to this agreement.

16

17  JEFFERY RUBENSTEIN                     7/27/21
     Attorney for Defendant                Date

18  ADAM MICHAEL ANDERSON